Jay Preston CONNELL, Appellant,

v.

The STATE of Texas.

No. 2–05–468–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 2, 2007.

**MEMORANDUM OPINION**[1]

BOB McCOY, Justice.

## I. Introduction

A jury convicted Appellant Jay Preston Connell of three counts of indecency with a child by contact and one count of indecency with a child by exposure. The jury acquitted Connell on one count of indecency with a child by contact. The jury sentenced Connell to two years' confinement on each of the indecency with a child by contact counts and ten years' community supervision on the indecency with a child by exposure count. In eight issues, Connell argues that the evidence on all four counts is both legally and factually insufficient to support the guilty verdict. We affirm in part and reverse in part.

## II. Background Facts

Connell met the complainant, I.R., while Connell was a teacher and principal at the Trinity Baptist Temple Academy, a private scripture-based Bible school. The acquaintance between I.R. and Connell spanned approximately seven years from when I.R. was seven until he was fourteen. Because of I.R.'s father's declining health, Connell, at I.R.'s mother's request, became a "father figure" to I.R. Connell frequently invited I.R. over to his house because Connell's son was a year older than I.R. I.R. would also routinely spend the night at Connell's residence, at times up to two or three times per week. Connell also periodically removed I.R. and other children from school to eat or run errands.

During the times when I.R. spent the night at Connell's house, Connell would sleep in the living room either with I.R. alone or with I.R. and other children who also happened to be spending the night. Connell would often rub I.R.'s back and bare bottom to help him fall asleep. Occa-

Wallach, Andrews & Stouffer, P.C., and Richard A. Henderson, Fort Worth, TX, for Jay Preston Connell.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, Danielle A. Kennedy, Steven Jumes, and Kim D'Avignon, Assistant Criminal District Attorneys, Fort Worth, TX, for the State.

PANEL B: DAUPHINOT, HOLMAN, and McCOY, JJ.

1. *See* Tex.R.App. P. 47.4.

sionally, Connell would reach under the waistband of I.R.'s boxers and pull I.R.'s boxers down or tell I.R. that he could pull his boxers down. I.R. testified that on occasion Connell's hand dropped into I.R.'s "crack" and touched I.R.'s anus. The rubbing of his bare bottom made I.R. uncomfortable. These rubbing incidents always occurred under a blanket. While I.R.'s mother was aware of the back-rubbing incidents, she was unaware of and did not give permission for rubbing of the bare bottom. I.R. testified that Connell's hand "certainly" touched I.R.'s anus on at least one occasion but possibly more than once. On one occasion Connell's hand touched I.R.'s genitals after I.R. rolled over during one of the rubbing incidents. I.R. stated that Connell told him it was an accident. On cross-examination, I.R. initially stated that he specifically recalled Connell touching his anus but later testified that he was unsure whether Connell's hand actually made contact with his anus. Although I.R.'s mother confronted Connell about rubbing I.R.'s bare bottom, Connell's practice of rubbing I.R.'s bare bottom continued.

During sleep-overs, the boys would also often engage in "pantsing fights" in which the children would pull one another's pants down. One of the other children pulled Connell's pants down exposing Connell's genitals. Connell also participated by pulling down I.R.'s pants, thereby exposing I.R.'s genitals. I.R. testified that Connell did not reprimand the children for these acts or discourage that behavior. In his statement, Connell acknowledged that during wrestling matches with the boys it was not uncommon for somebody's pants to slide down.

On two other occasions, Connell touched I.R.'s genitals. The first incident involved a "tick check" following a family camping trip. I.R.'s mother directed I.R. to check himself for ticks after both she and I.R.'s sister discovered ticks on themselves. I.R. checked himself, but I.R.'s mother was unconvinced of his thoroughness. The following day, I.R.'s mother told Connell about the incident prompting Connell to inquire if she would like for Connell to examine I.R. I.R.'s mother understood that the check would include I.R.'s genitals, and I.R.'s mother consented to the examination.

The second incident occurred when I.R. approached Connell to discuss I.R.'s fear of not being able to produce semen. Connell had I.R. remove his pants after which Connell physically checked I.R.'s testicles for "knots" or anything that would cause "obstructions of sperm." Following the inspection, which turned up no evidence of anything unusual, Connell recommended to I.R. that he see a doctor. I.R.'s mother was unaware of and did not give permission for this examination. I.R. was fifteen at the time this case was brought to trial.

## III. Indecency with a Child by Contact

In issues one, two, four, five, six, and eight, Connell challenges the legal and factual sufficiency of the evidence to support his guilty verdict on the indecency by contact counts.

### A. Standards of Review

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Hampton v. State,* 165 S.W.3d 691, 693 (Tex.Crim.App.2005).

■ This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim.App.2000).

■ When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex.Crim.App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex.Crim.App.2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim. App.2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

■ In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id.* We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id.* We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim.App.1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id.* at 9.

■ An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App.2003). Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex.Crim.App.2001); *Johnson*, 23 S.W.3d at 7.

## B. Applicable Law

A person commits the offense of indecency with a child by contact if, with a child younger than seventeen years and

not the person's spouse, the person engages in sexual contact with the child. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child. *Id.* § 21.11(c)(1).

## C. Counts One and Two—Anal Contact

Connell argues in his first and fifth issues that the evidence was both legally and factually insufficient to support the verdict for count one: indecency with a child by contact of I.R.'s anus. He argues in his second and sixth issues that the evidence was legally and factually insufficient to support the verdict for count two: a second incident of indecency by contact with I.R.'s anus.

### 1. Legal Sufficiency—Count One

Connell's first issue asserts that the evidence is legally insufficient to prove that (a) he committed the act and (b) he committed the act with the intent to arouse and gratify his sexual desire.

■ A complainant's testimony alone is sufficient to support a conviction for indecency with a child. *See* TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005) (providing that requirement that victim inform another person within one year does not apply to a victim under 17 at the time of the offense); *Garcia v. State,* 563 S.W.2d 925, 928 (Tex.Crim.App.1978). It is within the sole province of the jury to reconcile conflicts, contradictions, and inconsistencies in the evidence. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App. 1982). Additionally, the jury is also the judge of the credibility of the witnesses, and it is free to believe or disbelieve any

portion of the witness's testimony. *Cain,* 958 S.W.2d at 408–09.

■ Here, I.R. testified to all the elements of the charged offense. I.R.'s testimony established that he was, at the time of the offense, under 17 years of age and not Connell's spouse. I.R. testified that Connell's hand had "certainly" come in contact with his anus. On cross-examination, in response to whether Connell touched I.R.'s anus, I.R. answered, "[Y]es, I believe so," although later, also on cross-examination, when asked whether Connell touched I.R.'s anus again, I.R. responded that he was not sure. Connell argues that I.R.'s response does not establish that the touching occurred. Even if I.R.'s response could be considered ambiguous, conflicts such as this were within the sole province of the jury to reconcile. Additionally, in a sufficiency review, we look not to whether the State presented evidence refuting Connell's claim that he did not touch I.R. with the requisite sexual intent, but whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

■ Connell also argues that the evidence was insufficient to prove that he committed the contact with the intent to arouse and gratify his sexual desire. In a sufficiency review, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct. *Margraves,* 34 S.W.3d at 919. Circumstantial evidence of a defendant's guilty knowledge is not "required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements." *Id.* (quoting *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995)). In determining the legal sufficiency of the evidence to show an appellant's intent, and

faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991).

■■■ The requisite specific intent for indecency with a child by contact can be inferred from the defendant's conduct and remarks and all the surrounding circumstances. *See Robertson v. State*, 871 S.W.2d 701, 705 (Tex.Crim.App.1993), *cert. denied*, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994); *Gottlich v. State*, 822 S.W.2d 734, 741 (Tex.App.-Fort Worth 1992, pet. ref'd) (finding requisite intent to arouse and gratify sexual desire when defendant placed his hand inside complainant's panties and played with her "private"), *abrogated on other grounds by Arevalo v. State*, 943 S.W.2d 887, 888–90 (Tex.Crim.App.1997). An oral expression of intent is not required; the conduct itself is sufficient to infer intent. *C.F. v. State*, 897 S.W.2d 464, 472 (Tex.App.-El Paso 1995, no writ).

Here, I.R. testified that Connell touched his bottom in a way that made him feel uncomfortable, that Connell always slept next to I.R. when I.R. would spend the night, that Connell would massage I.R.'s bottom to help him sleep, that Connell "certainly" touched his anus on one occasion, that Connell accidentally touched I.R.'s genitals during one of these massages, that Connell told I.R. that he could take his pants off for these massages, that Connell would pull I.R.'s boxers down for these massages, and that I.R. touched his genitals during a "knot" check. Additionally, I.R. testified that the rubbing of his bottom occurred "a lot more than once" and continued after I.R.'s mother confronted Connell about it. Evidence of a common pattern of similar acts is admissible as tending to prove intent. *See Ranson v. State*, 707 S.W.2d 96, 97 (Tex.Crim.App.), *cert. denied*, 479 U.S. 840, 107 S.Ct. 147, 93 L.Ed.2d 88 (1986). Thus, the jury could infer from the totality of Connell's conduct that touching I.R.'s anus was done with the intent to arouse and gratify his sexual desire.

Viewing the evidence in the light most favorable to the jury's verdict, we find that there was evidence upon which a rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt. Therefore, we overrule Connell's first issue.

### 2. Factual Sufficiency—Count One

In issue five, Connell argues that the evidence was factually insufficient to support the verdict for indecency with a child by contact of I.R.'s anus. Connell contends that I.R. never conclusively established that anal contact occurred.

I.R. testified that Connell's hand "certainly" contacted his anus and that "yes, he believed" Connell's hand contacted his anus. I.R. further testified on cross-examination that he understood the difference between "crack" and anus. A complainant's testimony alone is sufficient to support a conviction for indecency with a child. *See* Tex.Code Crim. Proc. Ann. art. 38.07. The jury was able to judge I.R.'s demeanor and credibility, and it was free to believe or disbelieve I.R. The jury clearly considered I.R. credible.

Considering all the evidence in a neutral light, we cannot say that the jury was not rationally justified in finding Connell guilty. Thus, the conviction was not "clearly wrong" or "manifestly unjust." *See Watson*, 204 S.W.3d at 417. Therefore, we overrule Connell's fifth issue.

### 3. Legal Sufficiency—Count Two

In his second issue, Connell argues that the evidence was legally insufficient to support the verdict for count two: indecency with a child by a second contact of I.R.'s anus.

I.R. testified that Connell's hand touched his anus "once, maybe, or more." When pressed as to the number of times Connell touched I.R.'s anus, I.R. answered "maybe more than once." On cross-examination, I.R. testified that Connell touched his anus "on occasion." In response to whether I.R. specifically recalled Connell touching his anus, I.R. testified, "Whenever he rubbed my crack,. when his hand went in my crack, yes, I believe so." Defense counsel again asked, "You said you remembered him doing it." I.R. testified, "Yes, sir." Contradicting himself, though, I.R. testified on cross-examination that he was not sure whether Connell actually made contact with his anus. On re-direct, I.R. again stated that during the massaging Connell "got pretty far down in the crack." I.R. added that even after I.R.'s mother spoke to Connell about the touching, Connell continued to rub I.R.'s bottom, and I.R. did not tell his mother because he "didn't want her to get mad at [Connell]."

Additionally, via a demonstration, defense counsel sought to ascertain the area where Connell touched I.R. The following exchange took place:

Q. I'm going to stand up here so the jury can see what I mean. I'm going to lift my coat up so we can be clear about what we are talking about, okay?

A. Yes, sir.

Q. Your lower back goes to about right there, would you say?

A. Yes, sir.

Q. And my butt ends right here where my legs start off; is that right?

A. Yes.

Q. When [Connell] was rubbing you, did he ever rub way down here towards the bottom of your butt?

A. I don't believe so.

Q. Was it always up here towards your lower back, up like that where I am patting?

A. Not always. Sometimes he would rub a little lower.

Q. Just a little lower, like about there?

A. Yes.

Q. Was that about as low [as] he would go?

A. Every once in awhile he did go a little lower, I think, on accident or something, he said.

Q. Okay. Well, would he reach under the waistband of your boxers and do that?

A. Sometimes.

Q. ... How far, when he pulled your boxers down—it doesn't matter whether you did it or because he asked you to or whether he did it. How far would they come down? Would they come down to about here?

A. No, they were lower. Probably down where, like you said awhile ago, where your leg starts.

Texas law permits courtroom demonstrations aimed at clarifying a witness's testimony. *See Lewis v. State*, 486 S.W.2d 104, 106 (Tex.Crim.App.1972). Although each attorney failed to ask that the record reflect the details of the demonstration indicated by the foregoing excerpts, we are of the opinion that in viewing the evidence in the light most favorable to the verdict, we must view those excerpts as supporting the jury's verdict. *See Wawrykow v. State*, 866 S.W.2d 87, 90 (Tex.App.-Beaumont 1993, pet. ref'd); *Rogers v. State*, 756 S.W.2d 332, 336 (Tex.App.-

Houston [14th Dist.] 1988, pet. ref'd). I.R. testified that he understood the difference between his "crack" and anus. I.R.'s testimony alone was sufficient to support a conviction of indecency with a child by contact. *See* Tex.Code Crim. Proc. Ann. art. 38.07.

We defer to the jury's determination and evaluation of I.R.'s credibility and demeanor. Resolving all conflicts and ambiguities in the evidence in favor of the prosecution, we find that there was evidence and reasonable inferences therefrom upon which a rational trier of fact could have found the essential elements of a second count of indecency with a child by anal contact beyond a reasonable doubt. *See Hooper v. State,* 214 S.W.3d 9, 15–16 (Tex.Crim.App.2007). Therefore, we overrule Connell's second issue.

### 4. Factual Sufficiency—Count Two

In issue six, Connell argues that the evidence was factually insufficient to support the verdict for the second count of indecency with a child by contact of I.R.'s anus. We agree.

Here, during direct examination, I.R. testified that Connell "certainly" touched his anus one time. When pressed by the prosecutor as to whether Connell touched I.R.'s anus a second time, I.R. testified "Maybe more than once. I'm not really for sure though." On cross-examination, I.R. testified that he was unsure if Connell touched his anus. On redirect, the prosecutor sought to explain I.R.'s equivocation:

Q: Now, when you testified with me you said during massaging, his hand did contact your anus hole.

A: Yes.

Q. When you testified with defense counsel you said you are not sure; is that correct?

A. Yes, sir.

Q. I will ask you point-blank, is it the heat of the questions that changed your story or is it because you don't remember?

A. I really don't remember that much.

I.R.'s mother testified that she was aware of only one incident where Connell's hand "slipped and went down between [I.R.'s] backside." At no point did I.R. testify that Connell's hand touched his anus a second time. I.R. testified that Connell's hand touched his anus "on occasion" but at no point resolved whether a second touching had occurred.

Bearing in mind that I.R.'s credibility was a matter to be weighed by the jury, we feel that the inferences required to be made by the jury regarding a second touching of I.R.'s anus, although legally sufficient, are nevertheless so weak that the jury's verdict seems manifestly unjust. *See Watson,* 204 S.W.3d at 415. I.R. never testified that a second touching occurred, only that a second touching may have occurred. Had I.R. testified that a second touching occurred, then I.R.'s equivocation would bear solely on I.R.'s credibility, a question clearly for the jury to resolve. But that did not happen here. The evidence here was weak enough to undermine confidence in the jury's determination.

After reviewing the evidence in a neutral light, we hold that the evidence supporting a second count of indecency with a child by contact, while legally sufficient, is too weak to support the conviction. Reversing the judgment and ordering a new trial on count two of the indictment is "necessary to arrest the occurrence of a manifest injustice." *See Johnson,* 23 S.W.3d at 9. Connell's sixth issue is sustained.

### C. Count Five—Genital Contact

In issues four and eight, Connell argues that the evidence was legally and

factually insufficient to support the verdict for count five: indecency with a child by contact of I.R.'s genitals.

Count five centers around an incident where Connell touched I.R.'s genitals to "check for knots." Connell had I.R. remove his pants after which Connell physically checked I.R.'s testicles for "knots" or anything that would cause "obstructions of sperm." Following the inspection, which turned up no evidence of anything unusual, Connell recommended to I.R. that he see a doctor. I.R.'s mother was unaware of and did not give permission for this examination.

CPS Investigator Leah Warren testified that Connell admitted touching I.R.'s testicles to check for knots because I.R. had been worried about not being able to produce sperm. Although at his first meeting with CPS Connell denied having ever touched I.R.'s genitals, Connell's later statement to police indicated that he touched I.R.'s testicles to "check for knots or a reason why he was not able to produce sperm by the age of 14 years." I.R.'s mother testified that she was unaware of this incident and never gave Connell, who possessed no specialized medical training, permission to touch I.R.'s genitals. Although Connell admitted touching I.R.'s testicles in his written statement to police, I.R. was unable to remember whether the examination included manual inspection.

Without repeating our prior discussions of the evidence of this case, we conclude that the evidence was both legally and factually sufficient to support the jury's verdict. Although Connell denied in his statement that the touching was done with intent to gratify his sexual desire, the requisite specific intent for indecency with a child by contact can be inferred from the defendant's conduct and remarks and all the surrounding circumstances. *See Robertson*, 871 S.W.2d at 705. An oral expres-

sion of intent is not required; the "conduct alone is sufficient to infer intent." *See Tyler v. State*, 950 S.W.2d 787, 789 (Tex. App.-Fort Worth 1997, no pet.).

Viewing the totality of the evidence in the light most favorable to the jury's verdict, we find that there was evidence upon which a rational trier of fact could have found the essential elements of indecency with a child by contact beyond a reasonable doubt. Viewing the evidence in a neutral light, we find that the evidence was also factually sufficient to support the jury's verdict. We overrule Connell's fourth and eighth issues.

## IV. Count Four—Indecency with a Child by Exposure

In issue three, Connell argues that the evidence was legally insufficient to support the verdict for count four: indecency with a child by exposure. Connell argues that I.R. and other children, rather than Connell, pulled down Connell's pants and, as such, there was insufficient evidence for the jury to find an essential element of the charge. We agree.

### A. Applicable Law

Indecency with a child by exposure consists of the following elements: (1) that the child was within the protected age group and not married to the accused, (2) that a child was present, (3) that the accused had the intent to arouse or gratify someone's sexual desire, (4) that the adult knew that a child was present, and (5) that the accused exposed his anus or genitals. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A). The requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances. *See Robertson*, 871 S.W.2d at 705. An oral expression of intent is not required; the conduct itself is sufficient to infer intent. *See C.F.*

897 S.W.2d at 472. Nor is there a requirement that a male offender's penis be erect. *See Barker v. State*, 931 S.W.2d 344, 346–47 (Tex.App.-Fort Worth 1996, pet. ref'd). Exposure has been defined as: "To deprive of concealment; to disclose or unmask something criminal, shameful, or the like." *See Balfour v. State*, 993 S.W.2d 765, 769 (Tex.App.-Austin 1999, pet. ref'd).

### B. Application

■ Here, I.R. testified that Connell joined in "pantsing" games with him and other boys whereby participants would "sneak up and pull [each other's] pants down." When asked how often Connell joined these games, I.R. testified, "not too much" but probably more than once. I.R. testified that he witnessed Connell's genitals at one point while the boys were pantsing each other. I.R. also testified that Connell had reciprocated the behavior causing I.R. to be exposed. In his statement, Connell admitted to wrestling with the boys when, on occasion, Connell's pants would slip down. Connell also stated, "We would pants each other's pants down but it didn't happen very often." The record is void of any evidence that Connell exposed himself to I.R.

■ Connell argues that not only was the evidence insufficient to support a finding of the requisite intent but that the language of the statute, specifically the clause that the person "exposes the person's anus or any part of the person's genitals," required the jury to determine that Connell exposed himself. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A). We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results. *See Jordan v.*

*State*, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001). Assuming, without deciding, that the jury inferred the required intent element from the totality of the evidence, we are unaware of any case in which an appellant was convicted of indecency with a child by exposure, despite not having exposed himself. While Connell's exposure sounds of negligent or even reckless conduct, it does not amount to an intentional act of exposure as required by a plain reading of the statute.

Viewing the evidence in the light most favorable to the verdict, it does not support the finding of an essential element, that Connell exposed himself. Having found the evidence legally insufficient to support a verdict for indecency with a child by exposure, we sustain Connell's third issue. Because of our resolution of issue three we need not reach Connell's seventh issue claiming that there was factually insufficient evidence of indecency with a child by exposure.

### V. Conclusion

In conclusion, we reverse the trial court's judgment as to count two in the indictment and remand for further proceedings as to that count, we reverse the trial court's judgment as to count four of the indictment and render a judgment of acquittal as to that count[2], and we affirm the remainder of the trial court's judgment.

DAUPHINOT, J. filed a concurring and dissenting opinion.

LEE ANN DAUPHINOT, Justice.

While I join the majority opinion as to the offenses of indecency by exposure and indecency by contact with the anus, I must

---

**2.** *See* Tex.R.App. P. 43.2(c), 51.2(d); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *Burks v.* *United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978).

disagree with the majority's conclusion that the evidence is legally sufficient to support Appellant's conviction for indecency by contacting the complainant's genitals because there is legally insufficient evidence of Appellant's intent to arouse and gratify.

The thoughtful majority opinion reveals a subtle shift in appellate courts' view of the burden of proof. Perhaps it is in response to a growing societal commitment to protecting children, but this shift is of constitutional magnitude. The State bears the burden of proving every element of the offense alleged beyond a reasonable doubt.[1] The State's burden of proof is a constitutional due process protection. As our sister court in Austin has explained,

> The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires every state criminal conviction to be supported by evidence that a rational trier of fact could accept as sufficient to prove all the elements of the offense charged beyond a reasonable doubt....

> "If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal." The legal sufficiency of the evidence is a question of law.[2]

This standard of proof beyond a reasonable doubt should be a higher and more onerous standard than proof by a preponderance of the evidence or by clear and convincing evidence.[3] The culpable mental state is an essential element of a criminal offense.[4]

In *Cook v. State*,[5] the Texas Court of Criminal Appeals reminded us that

> the most basic and fundamental concept of criminal law [is] ... that in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea*. Perhaps this concept was best explained by the United States Supreme Court many years ago in *Morissette v. United States*.

> The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil....

Our Legislature recognized this fundamental concept by enacting four separate culpable mental states. This Court has further recognized that the scope of those culpable mental states is limited by the type of offense. In *McQueen v. State*, we stated that our analysis of criminal conduct varies according to the

---

1. Tex. Penal Code Ann. § 2.01 (Vernon 2003) ("All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.").

2. *Reedy v. State*, 214 S.W.3d 567, 579–80 (Tex.App.-Austin 2006, pet. ref'd) (citations omitted), *abrogated on other grounds by Hooper v. State*, 214 S.W.3d 9 (Tex.Crim.App. 2007).

3. *Montanez v. State*, 195 S.W.3d 101, 110 (Tex.Crim.App.2006) ("Satisfying a burden of proof necessarily involves weighing evidence. For a preponderance of the evidence, any evidence that tips the scales is sufficient. For evidence to be clear and convincing, it must be 'highly probable or reasonably certain.' And, as we all know, the highest burden is beyond a reasonable doubt.") (footnote omitted).

4. Tex. Penal Code Ann. § 6.02(a)-(c) (Vernon Supp.2006).

5. 884 S.W.2d 485 (Tex.Crim.App.1994).

"conduct elements" of the offense. We stated:

> ... V.T.C.A., Penal Code, Sec. 6.03 delineates three "conduct elements" which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct.... Any offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply. For example, where specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself.... On the other hand, unspecified conduct that is criminalist because of its result requires culpability as to that result.... Likewise, where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances.... [6]

The intent to arouse or gratify the sexual desire of a person is an essential element of the offense of indecency with a child by contact.[7] The majority states, "Here, I.R. testified to all the elements of the charged offense."[8] The record does not support this statement. Indeed, the majority then concedes that the intent to arouse and gratify could only be inferred. Although the majority correctly points out that "[t]he requisite specific intent for indecency with a child by contact can be inferred from the defendant's conduct and remarks and all the surrounding circumstances,"[9] the majority then treats indecency with a child by contact as a strict liability offense, suggesting that in all cases, "the conduct itself is sufficient to infer intent."[10]

Appellant was convicted of "intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engag[ing] in sexual contact by touching any part of the genitals" of I.R. I.R.'s mother testified that she had asked Appellant to serve as a father figure to I.R. Specifically, she asked Appellant to counsel I.R. in sex education. As part of the sex education, she anticipated Appellant's discussing masturbation and intercourse with I.R. She said that she expected a father figure to treat the child as he would his own, in most instances.

The only evidence of this offense is Appellant's statement to Leah Warren, the CPS investigator. In the statement, Appellant said that he and I.R. had a father-son relationship and that I.R.'s mother asked Appellant to help I.R. through his years of puberty because of I.R.'s own father's advanced age. In the statement, Appellant said, "I have [checked] [I.R.]'s testicles to check for knots or [a] reason why he was not able to produce sperm by the age of 14 years, because it worried him that his friends could and he could not." When he found no abnormality, Appellant suggested that I.R. contact a doctor if he was still concerned. This explanation of Appellant's mens rea was uncontradicted.

The complainant testified on direct examination:

---

6. *Id.* at 487 (citations omitted).

7. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003).

8. Majority op. at 466.

9. *Id.* at 467.

10. *Id.*

Q: Were you particularly worried about [whether you could produce sperm] when you were a child?

A: Yes, sir, I was.

Q: What made you worried about that?

A: I was afraid maybe I wouldn't be able to produce when I get older or something.

Q: Did you ever go to [Appellant] worried about that?

A: I remember when he talked to me about something[.] I went to my mom when I was little[,] and I talked to her about it[,] and then she got mad at me. I can't remember. She said I'm not supposed to ask her that kind of stuff because she is a girl.

Q: Mom didn't want to hear about that?

A: Yeah.

Q: Did you go to [Appellant] then?

A: I believe I did go to him.

Q: At any point when you went to [Appellant], did he inspect you to make sure everything was okay?

A: I don't remember him inspecting me.

This is not a case in which the evidence shows a touching or rubbing or penetration that could only be described as sexually stimulating in nature. I.R. did not recall that the touching happened at all. Appellant said in an out-of-court statement that the touching had been to determine if medical care was required and only because I.R. had voiced his concern and because the mother had asked Appellant to help I.R. through puberty. Although I.R. did not remember the touching, he and his mother both substantiated Appellant's explanation that he had been asked to help I.R. through puberty and to discuss sexual matters and that I.R. had

gone to him voicing his concern regarding his ability to produce sperm.

Although the majority correctly states that "[t]he requisite specific intent for indecency with a child by contact can be inferred from the defendant's conduct and remarks and all the surrounding circumstances," [11] we have only Appellant's explanation of the conduct, remarks, and circumstances. Additionally, other than the fact that I.R. was concerned about his ability to produce sperm and Appellant was checking for abnormalities, we do not know when or where or under what circumstances this touching happened, except that Appellant suggests that I.R. was fourteen years old. There is no evidence that the event occurred in Tarrant County or even in Texas. Appellant did state that, when he found no abnormality, he told Appellant to see a doctor if he was still concerned.

Additionally, no evidence corroborates Appellant's extrajudicial confession. As the Texas Court of Criminal Appeals has explained,

> [Every crime] reveals three component parts, first, the occurrence of the specific kind of injury or loss (as in homicide, a person deceased; in arson, a house burnt; in larceny, property missing); secondly, somebody's criminality (in contrast, e.g., to accident) as the source of the loss,—these two together involving the commission of a crime by somebody; and thirdly, the accused's identity as the doer of this crime.

In most American jurisdictions, including Texas, the *corpus delicti* rule requires some corroboration of the first two elements—an injury or loss and a criminal agent—although it does not also require any independent evidence

---

11. Majority op. at 467.

that the defendant was the criminal culprit. Its purpose is to ensure that a person is not convicted of a crime that never occurred, based solely upon that person's extra-judicial confession. The rule was not intended, however, to ensure that all confessions are corroborated in specific details or to ensure that the suspect does not falsely confess to a crime that did occur but for which he had no culpability. Thus, it satisfies the *corpus delicti* rule if some evidence exists outside of the extra-judicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred.[12]

The absence of independent evidence corroborating Appellant's extrajudicial confession is yet another basis for holding the evidence legally insufficient.[13] Because I believe that the evidence is legally insufficient to support Appellant's conviction for indecency by contact with the complainant's genitals, I would reverse Appellant's conviction and remand the case to the trial court with instructions to acquit Appellant of that offense. Because the majority does not, I respectfully dissent.

---

12. *Salazar v. State*, 86 S.W.3d 640, 644–45 (Tex.Crim.App.2002) (footnote omitted).

13. *See id.* at 643; *see also Smith v. State*, 172 Tex.Crim. 554, 361 S.W.2d 390, 392 (1962) (reversing statutory rape conviction when the only evidence that fourteen-year-old had sexual intercourse was father's extrajudicial confession).