02-11-381-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00381-CR

 

 


 
 
 Michael Ray Orr
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. Introduction

A
jury found Michael Ray Orr guilty of indecency with a child by exposure and
assessed his punishment at nine years’ confinement and a $2,000 fine.  The
trial court sentenced him accordingly.  In two points, Orr argues that the
evidence is insufficient to support his conviction.  We will affirm.

II. Factual and Procedural Background

          Joan
took her seven-year-old son Ken to the Haltom thrift store to shop for summer
clothes one afternoon.[2] 
Joan walked through a clothing aisle while Ken was running in and out of that
aisle.  Joan noticed a man, later identified as Orr, standing with his body
inside the rack of clothing.  Orr was not looking at the clothing.  His
behavior seemed suspicious to Joan and made her feel uneasy so she called Ken
to her side.  Joan and Ken moved to the next aisle, and Orr followed them.  Orr
then backed into the clothing with his hands under his shirt and inside the fly
of his pants.  Joan saw Orr, who was less than five feet away from her and her
son, stroking his penis with his hand; his penis was outside of his clothing.  Joan
yelled at Orr, and he pulled his shirt down to cover his penis.

After
Orr followed Joan and Ken to the children’s clothing section at the back of the
store, Joan went to the front of the store and informed the employees of the
situation.  Orr was escorted out of the store and detained in front of the store
by the officers who responded to the scene.  Officers took a statement from Joan
and had her confirm that Orr was the person she had seen masturbating inside
the store.  In her written statement, Joan said that Orr’s penis was not
erect.  After officers spoke with Joan and the store manager, Orr was arrested
and placed in the back of a squad car.  Orr asked the arresting officer what he
was being arrested for and what was going on.  When the officer explained the
complaint to Orr, he responded that he was only “scratching himself,” referring
to his genitals.

III. Standard of Review and Law on Indecency with a Child

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we determine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.  Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi,
330 S.W.3d at 638.

          In
determining the sufficiency of the evidence to show an appellant’s intent, and
faced with a record that supports conflicting inferences, we must presume—even
if it does not affirmatively appear in the record—that the trier of fact
resolved any such conflict in favor of the prosecution, and must defer to that
resolution.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).

A
defendant commits indecency with a child by exposure if, with the intent to
arouse or gratify the sexual desire of any person, he exposes his genitals,
knowing a child younger than seventeen years of age is present.  See
Tex. Penal Code Ann. § 21.11(a)(2)(A) (West 2011).  The requisite intent to
arouse or gratify the sexual desire of a person can be inferred from the
defendant’s conduct, remarks, or all the surrounding circumstances.  See
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.]
1981); Connell v. State, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007,
no pet.).  There is no requirement for an oral expression of intent, and the
conduct itself is sufficient to infer intent.  Connell, 233 S.W.3d at
470–71.  There is also no requirement that a male offender’s penis be erect.  Id.
at 471; Gregory v. State, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th
Dist.] 2001, pet. dism’d), cert. denied, 538 U.S. 978 (2003).  A child
only has to be present for the offense to be effectuated and does not have to
be aware of the exposure.  See Harris v. State, 359 S.W.3d 625,
631 (Tex. Crim. App. 2011).  

IV. Sufficient Evidence to Support the Conviction for Indecency

Here,
Orr complains that the evidence is insufficient to support his conviction
because the State did not prove that he committed the act with the intent to
arouse or gratify his sexual desire and with the knowledge that a child under
the age of seventeen was present.  Specifically, Orr argues that evidence
presented at trial established that his penis was not erect—thus demonstrating
that he was not in a sexually-aroused state—and that there is no evidence in
the record that he knew Ken was nearby.

Joan’s
testimony that Orr followed her and Ken around the store, backed into a
clothing rack but did not appear to be looking at the clothing, exposed himself,
and stroked his exposed penis with his hand in a back and forth motion is
sufficient evidence for a rational trier of fact to infer that Orr intended to
arouse or gratify his sexual desire.  See Tex. Penal Code Ann. §
21.11(a)(2); McKenzie, 617 S.W.2d at 216; Connell, 233 S.W.3d at
467; see also Gregory, 56 S.W.3d at 171; Brown v. State,
871 S.W.2d 852, 856 (Tex. App.—Corpus Christi 1994, pet. ref’d).  Evidence that
Orr’s penis was erect is not required to prove his intent to arouse or gratify
his sexual desire.  See Connell, 233 S.W.3d at 471; Gregory,
56 S.W.3d at 171.

Additionally,
regarding the sufficiency of the evidence that he knew Ken was present, the
record shows that Ken was running around the clothing aisles and making noise
before Joan saw Orr acting suspicious.  Joan called Ken over to her side in
response to Orr’s suspicious behavior and then took Ken onto another aisle to
get away from Orr, but Orr followed them and then exposed himself.  After Orr
exposed himself, Joan again attempted to get Ken away from the situation by
taking him to the back of the store, but Orr followed them again so Joan got
help.  The jury was presented with sufficient evidence that Orr knew Ken was
present when he exposed himself.  See Tex. Penal Code Ann. § 21.11(a)(2)(A);
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d
at 638.

Viewing
the evidence in the light most favorable to the verdict, we hold that the
evidence supports the jury’s determination that Orr exposed himself with the
intent to arouse or gratify his sexual desire and with the knowledge that a
child was present.  See Jackson, 443 U.S. at 319, 99 S.Ct. at
2789; Isassi, 330 S.W.3d at 638; see also Tex. Penal Code
Ann. § 21.11(a)(2)(A).  We overrule Orr’s two points.  

V. Conclusion

          Having
overruled both of Orr’s points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 4, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00381-CR

 

 









 
 
 Michael
 Ray Orr
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1211593D)
  
 October
 4, 2012
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Sue Walker








 

 









[1]See Tex. R. App. P. 47.4.





[2]To protect the child
victim’s anonymity, we will use aliases to refer to some of the individuals
named herein.  See Daggett v. State, 187 S.W.3d 444, 446 n.3
(Tex. Crim. App. 2005); McClendon v. State, 643 S.W.2d 936, 936 n.1
(Tex. Crim. App. [Panel Op.] 1982).