

NUMBER 13-12-00665-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE MOLINAR GUERRERO,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the Criminal District Court No. 1 of Tarrant County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Longoria**

By four issues, appellant Jorge Guerrero challenges his convictions for one count

of aggravated sexual assault of a child under the age of fourteen (Count I) and two

counts of indecency with a child by contact (Counts II and III).  *See* TEX. PENAL CODE

ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2011), § 21.11(a)(1) (West 2011). We affirm.

## I. BACKGROUND[1]

The State indicted appellant for one count of sexual assault of a child under the age of fourteen and two counts of indecency with a child by contact. *See id.* §§ 22.021(a)(1)(B)(i), (a)(2)(B), 21.11(a)(1). Appellant pleaded not guilty, and the case was tried to a jury.

S.A., the complainant in this case, went with her adult sister, N.R., to their grandparents' house to watch a soccer game in early December 2010.[2] S.A. testified that appellant, her grandfather, took her to a living room in the house where they sat down on a couch together and appellant touched her "in a bad way." S.A. testified that appellant, who had been drinking, touched her breasts with his hands. Appellant then instructed her to open her legs, reached under her clothing, and "put his finger inside" S.A.'s "front private part."[3] S.A. also testified that appellant "got my hand and then he made me squish" appellant's penis over his clothes. When S.A. and N.R. were leaving appellant's house, S.A. made an outcry to N.R., who told S.A.'s parents.

N.R. testified that she drove S.A. and N.R.'s son to the family gathering. N.R. testified that when they were driving away from the house, S.A. said that appellant "was acting strange." N.R. asked S.A. what she meant and S.A. told her that appellant had

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] We refer to the complainant by her initials in order to protect her privacy.

[3] Testimony established that S.A. referred to her vagina as her "front private part."

2

"grabbed her breasts and her genital area" and kissed her with his tongue when they were leaving.

Brenda Crawford, a forensic nurse at Cook's Children's Medical Center, testified that she performed an examination of S.A. in which she asked specific questions about what happened to her. Crawford testified that S.A. answered affirmatively to the question about digital penetration of the vagina, and confirmed that S.A. meant that appellant's fingers had penetrated beyond the outer lips of the vagina. Crawford also testified that S.A. stated that appellant touched her breasts over her clothes and made her touch his penis over appellant's clothes. Crawford also testified that S.A. told her that appellant kissed her with his tongue when they were saying goodbye at the end of the evening. Crawford testified that she did not find specific signs of abuse on S.A., but that she "did not expect any findings based on what [S.A.] told me." A fair amount of time had passed since the assault allegedly took place, which could have contributed to the lack of findings.

The jury returned a verdict of guilty on all counts. The jury assessed imprisonment for life on Count I and terms of twenty years' imprisonment on Counts II and III. The court ordered the sentences to run concurrently. This appeal followed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

Appellant argues that the evidence is legally insufficient to support his convictions on all three counts of the indictment. Appellant numbers his sufficiency challenges to each conviction as separate issues but addresses them as one, and we will do the same.

3

### 1. Standard of Review

In conducting a legal sufficiency review, we view all the evidence in a light most favorable to the verdict and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact, in this case the jury, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

The State may prove the elements of an offense by either direct or circumstantial evidence. *Id.* In a sufficiency review "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687; *Brooks*, 323 S.W.3d at 899; *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.).

### 2. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the

case," applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see also Wheaton v. State*, 129 S.W.3d 267, 271–72 (Tex. App.—Corpus Christi 2004, no pet.). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

In Count I, the State alleged that appellant committed aggravated sexual assault of a child by digitally penetrating S.A.'s vagina. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). The hypothetically correct jury charge for that offense required the State to prove that appellant: (1) intentionally or knowingly; (2) caused the penetration of S.A.'s sexual organ by his finger; (3) when S.A. was younger than fourteen. *See id.*

The State alleged in Counts II and III that appellant committed the offense of indecency with a child by contact by touching S.A.'s breasts and causing her to touch his penis. *See id.* § 21.11(a)(1). A person commits that offense if he "engages in sexual contact with the child." *Id.* The statute defines "sexual contact" as "any touching by a person, including touching through the clothing, of the anus, breast, or any part of the genitals of a child" or "any touching of any part of the body of the child, including touching through the clothing, with the anus, breast or any part of the genitals of a person" that is done "with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c). The hypothetically correct jury charge for both offenses required the State to prove that appellant (1) with the intent to gratify his own sexual

5

desire, (2) touched S.A.'s breasts (Count II), and caused S.A. to touch his penis over his clothes (Count III). *See id.* § 21.11(a)(1), (c).

The testimony of a child complainant standing alone is sufficient to support a conviction for both aggravated sexual assault of a child and indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2011). The child does not need to testify to penetration, but "the testimony of a child victim alone is sufficient evidence of penetration to support a conviction." *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, pet. ref'd).

### 3. Discussion

Appellant argues that S.A.'s testimony is so inconsistent that no reasonable finder of fact could have credited it because S.A. told N.R. only that appellant "touched her in her private part and grabbed on her breast," and did not add that appellant "kissed her in her mouth with his tongue" or digitally penetrated her vagina until S.A. was questioned by Crawford at the hospital. Appellant does not explain why the fact that S.A. more fully described the assault during Crawford's interview, rather than to N.R. during the initial outcry, affects whether a reasonable jury could credit S.A.'s testimony at trial. Appellant also does not directly dispute that S.A. herself testified that appellant digitally penetrated her vagina, touched her breasts, and forced her to touch his penis over his clothes. As we have stated, the testimony of a child victim alone is sufficient to support a conviction for both aggravated sexual assault and indecency with a child by contact. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *see also Ozuna*, 199 S.W.3d at 606 (observing that a child's testimony as to penetration is sufficient to support a conviction). Nonetheless, appellant points to the testimony of appellant's

grandson and Miguel Molina, a friend of appellant, which appellant contends contradicts S.A.'s testimony. Both men testified that they were present at appellant's house on the day in question and did not observe any assault. Appellant's grandson testified that he could see both the living room where the family was watching the game and the couch where appellant allegedly assaulted S.A., and did not observe anything unusual. Molina also testified that he did not witness an assault. Appellant argues that this testimony, combined with Crawford's testimony that she found no specific physical indications of assault when she examined S.A. at the hospital, contradicts S.A.'s testimony to the extent that no reasonable jury could have accepted it. We disagree.

The State produced evidence in the form of S.A.'s testimony that established all of the elements of the charged offenses. To the extent that the testimony of appellant's grandson, Molina, and Crawford contradicted S.A.'s testimony, it was the role of the jury to resolve those contradictions and to decide which testimony to credit, and we defer to that resolution here. *Garcia*, 367 S.W.3d at 687; *Connell*, 233 S.W.3d at 466. Because the State produced testimony that appellant established all of the elements of the charged offenses, we conclude that a reasonable jury could have found appellant guilty beyond a reasonable doubt. *See Garcia*, 367 S.W.3d at 687; *Connell*, 233 S.W.3d at 466.

We overrule appellant's first three issues.

**B. Authority of Trial Judge**

In his fourth issue, appellant argues that his convictions must be overturned because the trial court judge was not authorized to preside over the proceeding. The clerk's record did not contain an order of appointment at the time appellant filed his

brief. The State supplemented the clerk's record with an order of appointment that reflects Judge Woodlock, a retired district judge, was appointed by the presiding administrative judge of the 8th Judicial District as a visiting judge to the court where appellant was tried for a period of three days beginning September 18, 2012. *See* TEX. GOV'T CODE ANN. § 74.056 (West 2005). Judge Woodlock was therefore authorized to preside over appellant's trial.

We overrule appellant's fourth issue.

### III. CONCLUSION

We affirm the judgments of the trial court.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.