**Affirmed and Opinion Filed February 17, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-00883-CR
_____

**LUIS ESTRADA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82543-2015**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Whitehill
Opinion by Justice Francis

A jury convicted Luis Estrada of aggravated sexual assault of child under six years old and two counts of indecency with a child by contact, all involving abuse of his four-year-old grandson, and assessed concurrent prison sentences of twenty-five years on the aggravated sexual assault and three years on each indecency count. In two issues, appellant challenges the sufficiency of the evidence to support his convictions. We affirm.

In March 2015, Mother and her four young sons moved to McKinney, Texas to live with appellant, who is her father and her children's grandfather. On the night of June 15, Mother left her sons in appellant's care while she went to the emergency room for treatment of her back. The next day, her four-year-old son, D.F.V., told her appellant made him "grab his dingaling" and put his finger in D.F.V.'s "butt." Mother said D.F.V. referred to his penis as his "dingaling."

Mother texted appellant, who was at work, and told him what D.F.V. had reported to her. Appellant denied anything happened. When appellant arrived home that night, Mother confronted him, and he continued to deny the incident. Mother brought D.F.V. in the room and asked him to repeat what he said. D.F.V. then said to appellant, "Grandpa remember, you made me grab your dingaling and you put your finger in my butt." Mother said appellant did not respond. Instead, he walked off and acted like nothing happened.

The next day, Mother took D.F.V. to the hospital, where he was examined by Judith Common, a sexual assault nurse examiner. According to Common, D.F.V. told her that his grandpa "touched his back," pointing to his "butt" on a body map, and made him touch his penis. D.F.V. told her appellant was "sleepwalking." Common examined D.F.V. for physical trauma and found none, which she said was not "uncommon" because people "who touch children in this respect are knowledgeable enough not to leave any trauma." When asked on cross-examination if she would expect to see trauma if an adult male inserted his finger in the anus of a four-and-a-half-year-old boy and moved it several times, Common said "possibly" but not "every time."

Following the examination, D.F.V. and his brothers were interviewed at the Children's Advocacy Center of Collin County. Only D.F.V. made an outcry of sexual abuse. Eli Molina, the forensic interviewer, said D.F.V. told him that his grandpa touched his dingaling, which was his penis, and put his finger in his butt and moved his finger fast. D.F.V. told Molina it hurt. D.F.V. also told Molina that his grandpa was "sleepwalking" when it happened. Molina asked D.F.V. how he knew that, and D.F.V. said his grandpa told him he was sleepwalking.

Officer Adrian Guzman interviewed appellant that same day while he was in custody. At first, appellant said he did not do anything. Later, he acknowledged touching D.F.V.'s penis over his clothes. Then, as Guzman asked more questions, appellant said it might have happened

"skin on skin." Ultimately, appellant told Guzman he put his hand through D.F.V.'s pants and touched the child's "balls and penis." Appellant explained he was "just playing around with him," it was "him being Mexican," and it was a "cultural thing." He denied, however, touching D.F.V.'s anus and denied making D.F.V. touch his penis.

D.F.V., who was five years old at the trial, testified his grandpa touched his "private spot" with his hand and made him touch his grandpa's private spot. When asked, D.F.V. said his grandpa did not touch his bottom. On cross-examination, D.F.V. said appellant grabbed his hand and made him touch his dingaling for a long time, but kept his hand still. When asked if his grandpa touched his bottom, D.F.V. said "No." But when asked if he ever used his finger and put it in D.F.V.'s bottom, D.F.V. said, "Yeah."

Appellant testified at trial and admitted he put his hand on D.F.V.'s private area under his clothes and thought "nothing" about it At the time, the other boys were sleeping. He said D.F.V. was "his blood" and he was just playing with him, and it was not sexual. He denied doing it to sexually arouse himself or D.F.V. and did not think he was doing anything wrong. He said he would not do the same thing to a child not in his family or to a female child. He denied putting his finger in D.F.V.'s anus and also denied having D.F.V. put his hand on his "private area."

In two issues, appellant argues the evidence is insufficient to prove beyond a reasonable doubt that he committed aggravated sexual assault of a child and indecency with a child.

In reviewing a challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

To obtain a conviction for aggravated sexual assault of a child, the State had to prove appellant intentionally or knowingly caused the penetration of D.F.V.'s anus with appellant's finger. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2016). To obtain convictions for indecency with a child, the State had to prove that appellant, with intent to arouse or gratify the sexual desire of any person, engaged in sexual contact by touching part of the genitals of D.F.V. and by causing part of D.F.V.'s hand to touch part of appellant's genitals, and D.F.V. was younger than seventeen years of age . *See id.* § 21.11(a)(1) (West 2011).

In his first issue, appellant argues the evidence is insufficient to support aggravated sexual assault because (1) there was no evidence of trauma to D.F.V.'s anus and (2) the penetration was not witnessed by anyone other than D.F.V. Neither argument renders the evidence insufficient. There is no requirement that the child's testimony be corroborated by medical or physical evidence nor that the act was witnessed by another person. Rather, in sexual abuse cases, the testimony of the child victim alone is sufficient to support a finding of guilt. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2016); *Lee v. State*, 186 S.W3d 649, 656 (Tex. App.—Dallas 2006, pet. ref'd). D.F.V. testified his grandfather put his finger in his bottom. This testimony was consistent with what he told his mother and the forensic interviewer. Moreover, the sexual assault nurse examiner testified it was not "uncommon" for there to be no trauma in cases such as this. We conclude the evidence was sufficient to establish, beyond a reasonable doubt, that appellant penetrated D.F.V.'s anus with his finger. We overrule the first issue.

With respect to the indecency counts, appellant argues in his second issue that the record is "devoid of any evidence" that the acts were done for the purpose of arousing or gratifying the sexual desire of any person. He asserts no witness offered such testimony nor was there "any

–4–

circumstantial evidence, such as a confession or incriminating statement or proclivity to commit sex offenses," that would have permitted the jury that such was appellant's purpose.

Rarely will there be direct evidence of what an accused intended at the time of the incident. Thus, the factfinder usually must infer intent from circumstantial evidence rather than direct proof. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). More specifically, in the context of indecency with a child, the factfinder can infer the requisite intent to arouse or gratify the sexual desire from conduct, remarks, or all the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). An oral expression of intent is not required; the conduct itself is sufficient to infer intent. *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.).

Here, appellant waited until D.F.V.'s mother was not at home and the other children were asleep to engage in the conduct charged. Specifically, appellant touched D.F.V.'s genitals and made D.F.V. touch his penis and then told the child he was "sleepwalking." Once he was arrested, appellant initially denied engaging in any conduct but then, after giving several different versions of what happened, admitted to touching D.F.V.'s "balls and penis" under D.F.V.'s clothing. He justified his actions by saying he was "playing" with the child. He did not admit making the child touch his penis.

A rational jury could infer appellant's intent to arouse of gratify his sexual desire from this conduct—waiting until another adult was not present and the other children were asleep, lying to D.F.V. that he was sleepwalking to justify his conduct, giving various accounts to police once he was arrested, and admitting only to conduct that he believed could be construed as "playful." We conclude the evidence is sufficient to support appellant's convictions for indecency with a child by contact and overrule the second issue.

We affirm the trial court's judgments.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
160883F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ESTRADA, Appellant

No. 05-16-00883-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82543-2015.
Opinion delivered by Justice Francis;
Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgments of the trial court are **AFFIRMED**.

Judgment entered February 17, 2017.