

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00026-CR

JUSTO SUAREZ                                                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                                          STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Justo Suarez appeals his convictions for indecency with a child by contact, indecency with a child by exposure,[2] and attempted aggravated sexual assault of a child. We affirm.

----

[1]*See* Tex. R. App. P. 47.4.

[2]The State notes that, although Appellant did not raise the issue at trial or on appeal, his conviction for indecency with a child by exposure "would seem to violate double jeopardy." Appellate courts may review issues of double jeopardy

**Factual and Procedural Background**

In August 2008, twelve-year-old H.U.[3] reported to police that earlier that summer, her stepfather, Appellant, sexually abused her at his mother's house in Fort Worth. H.U. later described the abuse to Child Protective Services' (CPS) employees of the Texas Department of Family and Protective Services.

Appellant was tried before a jury on a three count indictment and he was convicted of indecency with a child by contact, indecency with a child by exposure, and attempted aggravated sexual assault of a child. The jury assessed his punishment at confinement for ten years for indecency with a child by contact, two years for indecency with a child by exposure, and twenty years

---

as unassigned error when the violation is apparent from the face of the record. *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008). A double jeopardy violation is not apparent on the face of the record if one of the theories charged would not constitute a double jeopardy violation, and there is sufficient evidence in support of that valid theory. *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). Here, the child complainant, H.U., testified that on a weekend day during the summer of 2008, Appellant exposed himself to her, left the room, returned, exposed himself again, and then pulled her head towards his exposed sexual organ. Because evidence of the first exposure is sufficient to support a conviction for indecency with a child and because the first exposure was a separate act, independent of the second exposure that occurred in conjunction with the attempted aggravated sexual assault, we hold that it is not apparent from the face of the record that Appellant suffered double jeopardy. *See Patterson* v. *State*,152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that two separate aggravated sexual assaults were committed when the complainant had left the room to use the restroom between two identical sexual acts committed by appellant). Accordingly, we will not address this unpreserved issue as unassigned error.

[3]We use initials for the child complainant throughout this opinion.

2

for attempted aggravated sexual assault of a child. The jury also assessed fines of $10,000 for each of the three counts. The trial court sentenced Appellant accordingly and ordered his sentences to run concurrently.

## Standard of Review

Appellant contends that the evidence is factually insufficient to support his convictions. The court of criminal of appeals has held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). Thus, the *Jackson v. Virginia* sufficiency standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id*. at 895; s*ee Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Therefore, we will review Appellant's sufficiency challenge by applying the standard of review set out in *Jackson*.

In our due process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A child complainant's testimony, standing alone, can be sufficient to establish the elements of the offenses for which the jury found Appellant guilty. Tex. Code Crim. Proc. Ann., art. 38.07 (West 2005); *see Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App.1978); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.). Courts give a great deal of leeway with respect to the testimony of child complainants of sexual crimes. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

### Sufficiency of the Evidence

Appellant argues that the evidence is insufficient to support his three convictions because H.U. lacked credibility as a witness. Specifically, he contends that, because of contradictions between H.U.'s testimony and her statements to police and to CPS employees, her testimony is unreliable and that no rational jury could have believed her. Under the proper standard of review, however, the jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we defer to the jury's resolution of any conflicts in the testimony. *See* Tex. Code Crim. Proc. Ann., art. 38.04 (West 1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Cook v. State*, 328 S.W.3d 95, 100 (Tex. App.—Fort Worth 2010, pet. ref'd). We, as a reviewing court, do not resolve any conflict of fact or weigh credibility of the witnesses because that is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131, 120 S. Ct. 2008 (2000). Inconsistencies in the evidence must be

4

resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). Thus, the entire thrust of Appellant's argument is based on a theory that is unsupported in the law.

In his first point, Appellant challenges the sufficiency of the evidence to convict him of indecency with a child by contact. A person commits indecency with a child by contact by engaging in sexual contact with a child younger than seventeen years of age who is not the person's spouse. Tex. Penal Code Ann. § 21.11(a)(1) (West 2011). Sexual contact includes touching the anus, breast, or any part of the genitals of a child, including through clothing, with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(c)(1).

At trial, H.U. testified that on a weekend sometime during the summer of 2008, when she was twelve years old, Appellant kissed her neck, reached into her shirt, and grabbed her breast while she was in Appellant's mother's bedroom in Fort Worth. This evidence is sufficient to support the conviction for indecency with a child by contact, and we overrule Appellant's first point.

In his second point, Appellant contends the evidence is insufficient to sustain his conviction for indecency with a child by exposure. A person commits indecency with a child by exposure if, with intent to arouse or gratify the sexual desire of any person, the person exposes the person's anus or any part of the person's genitals, knowing that the child is present. *Id*. § 21.11(a)(2)(A).

H.U. also testified at trial that, on a weekend sometime during the summer of 2008, while H.U. sat at the computer in Appellant's mother's bedroom, Appellant entered the bedroom, unbuttoned and unzipped his pants, exposed his sexual organ to her, and began masturbating. We hold this testimony was sufficient to support Appellant's conviction for indecency with a child by exposure, and we overrule Appellant's second point.

In his third and final point, Appellant challenges the sufficiency of the evidence to convict him of attempted aggravated sexual assault of a child. A person commits attempted aggravated sexual assault of a child if the person, with specific intent to penetrate the mouth of a child younger than fourteen years of age with the person's sexual organ, does an act that is more than mere preparation that tends but fails to effect the commission of the intended act. Tex. Penal Code Ann. §§ 15.01, 22.021(a) (West 2011).

H.U. testified that in Appellant's mother's bedroom on a weekend during the summer of 2008, Appellant grabbed H.U. and pulled her head towards his exposed sexual organ. We hold this evidence is sufficient to support Appellant's conviction for attempted aggravated sexual assault of a child, and we overrule Appellant's third point.

**Conclusion**

Having reviewed the evidence in the light most favorable to the verdict and having overruled all of Appellant's points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 23, 2011