02-10-026-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00026-CR

 

 


 
 
 Justo Suarez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 297th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Introduction

          Appellant
Justo Suarez appeals his convictions for indecency with a child by contact,
indecency with a child by exposure,[2]  and attempted aggravated sexual assault of
a child.  We affirm.

Factual
and Procedural Background

          In
August 2008, twelve-year-old H.U.[3] reported to police that
earlier that summer, her stepfather, Appellant, sexually abused her at his
mother’s house in Fort Worth.  H.U. later described the abuse to Child Protective
Services’ (CPS) employees of the Texas Department of Family and Protective
Services.

          Appellant
was tried before a jury on a three count indictment and he was convicted of
indecency with a child by contact, indecency with a child by exposure, and
attempted aggravated sexual assault of a child.  The jury assessed his
punishment at confinement for ten years for indecency with a child by contact,
two years for indecency with a child by exposure, and twenty years for
attempted aggravated sexual assault of a child.  The jury also assessed fines of
$10,000 for each of the three counts.  The trial court sentenced Appellant
accordingly and ordered his sentences to run concurrently.

Standard
of Review

          Appellant
contends that the evidence is factually insufficient to support his convictions. 
The court of criminal of appeals has held that there is no meaningful
distinction between the legal sufficiency standard and the factual sufficiency
standard.  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)
(overruling Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996)). 
Thus, the Jackson v. Virginia sufficiency standard is the “only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.”  Id. at 895; see
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  Therefore,
we will review Appellant’s sufficiency challenge by applying the standard of
review set out in Jackson.

          In
our due process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772,
778 (Tex. Crim. App. 2007).

          A
child complainant’s testimony, standing alone, can be sufficient to establish
the elements of the offenses for which the jury found Appellant guilty.  Tex.
Code Crim. Proc. Ann., art. 38.07 (West 2005); see Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App.1978); Connell v. State, 233 S.W.3d
460, 466 (Tex. App.—Fort Worth 2007, no pet.).  Courts give a great deal of
leeway with respect to the testimony of child complainants of sexual crimes.  Villalon
v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

Sufficiency
of the Evidence

          Appellant
argues that the evidence is insufficient to support his three convictions
because H.U. lacked credibility as a witness.  Specifically, he contends that,
because of contradictions between H.U.’s testimony and her statements to police
and to CPS employees, her testimony is unreliable and that no rational jury
could have believed her.  Under the proper standard of review, however, the
jury, as the trier of fact, is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, and we defer to the jury’s
resolution of any conflicts in the testimony.  See Tex. Code Crim. Proc.
Ann., art. 38.04 (West 1979); Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007); Cook v. State, 328 S.W.3d 95, 100 (Tex.
App.––Fort Worth 2010, pet. ref’d).  We, as a reviewing court, do not resolve
any conflict of fact or weigh credibility of the witnesses because that is the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131, 120 S. Ct. 2008 (2000). 
Inconsistencies in the evidence must be resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  Thus, the entire
thrust of Appellant’s argument is based on a theory that is unsupported in the
law.

          In
his first point, Appellant challenges the sufficiency of the evidence to
convict him of indecency with a child by contact.  A person commits indecency
with a child by contact by engaging in sexual contact with a child younger than
seventeen years of age who is not the person’s spouse.  Tex. Penal Code Ann. §
21.11(a)(1) (West 2011).  Sexual contact includes touching the anus, breast, or
any part of the genitals of a child, including through clothing, with the
intent to arouse or gratify the sexual desire of any person.  Id. §
21.11(c)(1).

          At
trial, H.U. testified that on a weekend sometime during the summer of 2008, when
she was twelve years old, Appellant kissed her neck, reached into her shirt,
and grabbed her breast while she was in Appellant’s mother’s bedroom in Fort
Worth.  This evidence is sufficient to support the conviction for indecency
with a child by contact, and we overrule Appellant’s first point.

          In
his second point, Appellant contends the evidence is insufficient to sustain
his conviction for indecency with a child by exposure.  A person commits
indecency with a child by exposure if, with intent to arouse or gratify the
sexual desire of any person, the person exposes the person’s anus or any part
of the person’s genitals, knowing that the child is present.  Id. §
21.11(a)(2)(A).

          H.U.
also testified at trial that, on a weekend sometime during the summer of 2008, while
H.U. sat at the computer in Appellant’s mother’s bedroom, Appellant entered the
bedroom, unbuttoned and unzipped his pants, exposed his sexual organ to her,
and began masturbating.  We hold this testimony was sufficient to support
Appellant’s conviction for indecency with a child by exposure, and we overrule
Appellant’s second point.

           In
his third and final point, Appellant challenges the sufficiency of the evidence
to convict him of attempted aggravated sexual assault of a child.  A person
commits attempted aggravated sexual assault of a child if the person, with
specific intent to penetrate the mouth of a child younger than fourteen years
of age with the person’s sexual organ, does an act that is more than mere
preparation that tends but fails to effect the commission of the intended act. 
Tex. Penal Code Ann. §§ 15.01, 22.021(a) (West 2011).

          H.U.
testified that in Appellant’s mother’s bedroom on a weekend during the summer
of 2008, Appellant grabbed H.U. and pulled her head towards his exposed sexual
organ.  We hold this evidence is sufficient to support Appellant’s conviction
for attempted aggravated sexual assault of a child, and we overrule Appellant’s
third point.

Conclusion

          Having
reviewed the evidence in the light most favorable to the verdict and having
overruled all of Appellant’s points, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 23, 2011









[1]See Tex. R. App. P. 47.4.





[2]The State notes that,
although Appellant did not raise the issue at trial or on appeal, his
conviction for indecency with a child by exposure “would seem to violate double
jeopardy.”  Appellate courts may review issues of double jeopardy as unassigned
error when the violation is apparent from the face of the record.  Bigon v.
State, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).  A double jeopardy
violation is not apparent on the face of the record if one of the theories
charged would not constitute a double jeopardy violation, and there is
sufficient evidence in support of that valid theory.  Langs v. State,
183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citing Gonzalez v. State, 8
S.W.3d 640, 643 (Tex. Crim. App. 2000)).  Here, the child complainant, H.U.,
testified that on a weekend day during the summer of 2008, Appellant exposed
himself to her, left the room, returned, exposed himself again, and then pulled
her head towards his exposed sexual organ.  Because evidence of the first exposure
is sufficient to support a conviction for indecency with a child and because
the first exposure was a separate act, independent of the second exposure that
occurred in conjunction with the attempted aggravated sexual assault, we hold
that it is not apparent from the face of the record that Appellant suffered
double jeopardy.  See Patterson v. State,152 S.W.3d 88, 92 (Tex.
Crim. App. 2004) (holding that two separate aggravated sexual assaults were
committed when the complainant had left the room to use the restroom between
two identical sexual acts committed by appellant).  Accordingly, we will not
address this unpreserved issue as unassigned error.





[3]We use initials for the
child complainant throughout this opinion.