# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00613-CR

**John Richard Ahrens, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2010-300, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted John Richard Ahrens of three counts of indecency with a child by contact against his step-grandson who was six years old at the time of the abuse. *See* Tex. Penal Code § 21.11. After the Appellant pleaded true to five enhancement paragraphs alleging five prior convictions for the offense of indecency with a child by contact, the trial court assessed punishment at life imprisonment for each count and ordered the sentences to run consecutively. In a sole issue on appeal, Appellant contends there is insufficient evidence to support his convictions. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the trial court's judgment.

A person commits the offense of indecency with a child by contact if he engages in sexual contact with a child younger than seventeen years old who is not the person's spouse with

the intent to arouse or gratify the sexual desire of any person. *See* Tex. Penal Code § 21.11. The indictment in this case alleged that the Appellant engaged in sexual contact with the complainant by touching the complainant's male sex organ with his hands or fingers to arouse or gratify his own sexual desire. In support of the allegations, the complainant testified at trial that the Appellant would have him sit on his lap in a rocking chair and then would "would stick his hand inside my pants and my boxers and move his hand around . . . on my penis." He further testified that when this occurred the Appellant "had his arm around me, so every time I tried to get up, he would hold me down." The complainant's mother testified that her son had made an outcry of abuse to her that the Appellant had touched his genitals.

Appellant contends there is insufficient evidence to support his conviction because: (1) there was no credible evidence he committed the act; (2) there was no evidence he committed the act with the intent to gratify his sexual desire; and (3) there is no evidence he committed multiple acts of indecency with a child by contact sufficient to support three convictions. Appellant first contends in his brief that there is no evidence to support his conviction because neither the mother or the complainant were credible witnesses. The jury, however, clearly considered these witnesses credible, and they are the sole judge of the witnesses' credibility and can choose to believe all of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also* Tex. Code Crim. Proc. art. 38.07 (complainant's testimony alone is sufficient to support conviction for indecency with a child). With regard to the element of intent, a defendant's intent to arouse or gratify may be inferred from the accused's conduct alone. *See Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.). Here, the jury heard testimony that the Appellant

2

touched the complainant's penis while holding the child down. The jury could have inferred from the complainant's testimony that the Appellant touched him with the intent to arouse or gratify his sexual desires. Further, the State introduced extraneous offense evidence establishing that the Appellant had inappropriately touched the genitals of four other young boys while serving as a Scoutmaster for a troop of Boy Scouts. *See Morgan v. State*, 692 S.W.2d 877, 881 (Tex. Crim. App. 1985) (extraneous acts of misconduct relevant to prove appellant's specific intent for indecency with a child by contact).

Finally, the Appellant contends there was not sufficient evidence to support three convictions because the State failed to prove three separate offenses occurring on the dates alleged in the indictment. Here, the indictment alleged that the incidents occurred "on or about" three specific dates occurring prior to the presentment of the indictment. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). In this case, the witness answered affirmatively that there were at least three different occasions where the defendant touched his penis, and the abuse occurred when he was around six years old. This testimony established three separate incidents of abuse occurring anterior to the indictment, and there is no statute of limitations for the offense of indecency with a child. *See* Tex. Code Crim. Proc. art. 12.01. Viewing the evidence in the light most favorable to the jury's verdict, we conclude there was sufficient evidence upon which a rational trier of fact could have found beyond a reasonable doubt the essential elements to support Appellant's three convictions for the offense of indecency

3

with a child by contact.  We overrule Appellant's sole issue on appeal and affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   April 15, 2014

Do Not Publish