COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| LISA AMARO, | | No. 08-12-00198-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20090D05861) |
| | § | |

## O P I N I O N

Lisa Amaro appeals her conviction for indecency with a child by sexual contact. In two issues, Appellant challenges the trial court's decision not to grant a mistrial following witness comments about Appellant's time in a drug treatment facility, as well as the legal sufficiency of the evidence. We affirm.

## BACKGROUND

At the time of the charged indecent acts in 2004, the complaining witness, A.S., was between the ages of six and seven years' old and resided in Anthony, Texas, with her mother. Her grandfather lived next door. Appellant was dating C.S., the complainant's older brother. After they had become homeless, Appellant, her mother, and her brother moved in with A.S.'s grandfather for about six months in 2004.

A.S. visited her grandfather's house frequently while Appellant lived there. Occasionally, A.S. and Appellant would be alone together. A.S. testified that on at least two occasions, Appellant took her into the bathroom alone, locked the door, laid her down, kissed her on the lips, and touched her chest and genital area over her clothing.

In 2004, C.S. (the complainant's brother) and Appellant had a baby together. Later, after their relationship ended, Appellant filed a claim for child support against C.S. In 2009, C.S. was dating Tanya Garcia, with whom he also had a child. After A.S. took a class at her church that taught girls to be abstinent until marriage, A.S. told Garcia that she felt like she did not belong in the class because Appellant had touched her inappropriately. Garcia relayed the information to A.S.'s mother, who in turn relayed the information to the El Paso County Sheriff's Office. On cross-examination, A.S.'s mother testified that A.S. came forward with her allegations against Appellant after Appellant had instituted contempt proceedings against A.S.'s brother for back-owed child support.

## DISCUSSION
### *Mistrial*

In Issue One, Appellant maintains that the trial court abused its discretion in not granting a mistrial when A.S.'s mother "blurted out" that Appellant had spent time at Aliviane, a drug rehabilitation center, in violation of a pretrial motion in limine. We disagree.

At the outset, the State urges us to find that Appellant waived appeal on this issue for lack of adequate briefing, or, in alternative, to dismiss the issue as unpreserved due to (1) the trial objection's lack of timeliness, (2) Appellant's failure to obtain an adverse ruling, and (3) the trial objection not comporting with appellate argument. We decline to find that appellant's brief is inadequately briefed. We also find the issue was preserved by timely objection, the trial court issued an implicit adverse ruling, and that Appellant's argument comports with the objection

2

because Appellant argued for a mistrial both here and in the court below due to the admission of inadmissible testimony from a witness.

## Standard of Review

"A mistrial is the trial court's remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004)[internal quotation marks omitted]. We review a trial court's mistrial rulings for abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex.Crim.App. 2010). The trial court abuses its discretion when its ruling falls outside "the zone of reasonable disagreement." *Id*. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77. Witness comments or outbursts "which interfere[] with the normal proceedings of a trial will not result in reversible error" unless there is a reasonable probability "that the conduct interfered with the jury's verdict," *Coble*, 330 S.W.3d at 292. Mistrial is appropriate where "the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." *Young v. State*, 137 S.W.3d 65, 71 (Tex.Crim.App. 2004)[internal quotation marks omitted]. "[A]n event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on an appeal by the party who did not request these lesser remedies in the trial court." *Young*, 137 S.W.3d at 70; *see also Gray v. State*, No. 08-11-00003-CR, 2012 WL 3025930, at *7 (Tex.App.--El Paso July 25, 2012, pet. ref'd)(not designated for publication).

## Analysis

In this case, Appellant complains that A.S.'s mother's testimony during cross-examination that Appellant was "in Aliviane" at some point violated the court's pretrial motion

3

in limine and was inadmissible based on the grounds of unfair prejudice and being impermissible bad acts or extraneous offense evidence. We need not delve into the merits of Appellant's evidentiary objections, since the ultimate question presented is whether the comment so prejudiced the jury that an instruction to disregard would not have cured the harm and a mistrial would be required. *Young*, 137 S.W.3d at 70. Here, we find that it did not.

During a lengthy cross-examination, Appellant's counsel questioned A.S.'s mother about her knowledge of any animosity between Appellant and Garcia, her son's current girlfriend. The witness replied that she did not think Garcia hated Appellant, especially given that Appellant allowed Garcia to babysit Appellant's children at least once. When Appellant's counsel asked when that was, the witness replied that Appellant allowed Garcia to babysit Appellant's daughter while Appellant was "in Aliviane," but she did not recall what year that had occurred. The court then took a recess, and Appellant's counsel requested a mistrial based on the fact that Aliviane was a commonly known "drug rehab" center and the comment had painted Appellant as a "druggie" in the eyes of the jury. Appellant's counsel never requested an instruction to have the jury disregard the comment.

Assuming that Appellant's counsel is correct and that members of the jury recognized Aliviane as being a drug rehabilitation facility, any prejudice arising from the testimony could have been cured by an instruction to disregard. *See Gray*, 2012 WL 3025930, at *7 ("testimony referring to or implying extraneous offenses can [usually] be rendered harmless by an instruction to disregard" unless testimony clearly inflammatory and "of such a nature as to suggest the impossibility of withdrawing the impression produced"); *see also Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987)(reference to stomach problems defendant had "when he was in the penitentiary" curable by instruction); *Barney v. State*, 698 S.W.2d 114, 124-25

4

(Tex.Crim.App. 1985)(testimony that defendant "was an ex-con" curable by instruction). Appellant does not argue that the prejudice of the testimony was irreparably inflammatory or that it could not otherwise have been cured by a request for an instruction to disregard. As such, his failure to request one in this instance is dispositive. The trial court did not abuse its discretion in denying his motion for a new trial.

Issue One is overruled.

### *Legal Sufficiency*

In Issue Two, Appellant contends that the evidence presented at trial was insufficient to support a finding, beyond a reasonable doubt, that any touching was done for the purposes of Appellant's sexual gratification. We disagree.[1]

On legal sufficiency review, we assess, "in the light most favorable to the prosecution," all the evidence both "properly and improperly admitted" into the record to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)[Emphasis omitted]. "In conducting this review, we must defer to the jury's role as the sole judge of the credibility and weight that testimony is to be afforded." *Castaneda v. State*, No. 08–10–00050–CR, 2011 WL 4490960, at *4 (Tex.App.--El Paso Sept. 28, 2011, pet. ref'd)(not designated for publication). "Our role on legal sufficiency review is not to usurp the jury and replace its verdict with our own; instead, we serve as a procedural safeguard, ensuring that whatever verdict the jury rendered comports with due process." *Urias v. State*, No. 08-12-0090-CR, 2014 WL

---

[1] As a threshold matter, the Court notes serious deficiencies with the quality of Appellant's briefing in Issue Two. The State again argues that Appellant waived her legal sufficiency challenge by virtue of inadequate briefing under TEX.R.APP.P. 38.1(i). While we reserve the right to read the issue as waived, we read the brief as minimally adequate under the Rule. However, we remind counsel of the need to fully discuss the issues and fully apply facts to law in order to adequately appraise this Court of the issues and ensure the expeditious administration of justice.

1259397, at *2 (Tex.App.--El Paso Mar. 26, 2014, no pet.h.)(not designated for publication); *see also King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

A conviction for indecency with a child may rest solely on the child's testimony, TEX.CODE CRIM.PROC.ANN. art. 38.07(a)(West Supp. 2013), provided the content of that testimony allows the jury to find every element of the offense, as measured by a hypothetically correct jury charge, has been satisfied beyond a reasonable doubt. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997); *Duke v. State*, 365 S.W.3d 722, 731 (Tex.App.--Texarkana 2012, pet. ref'd). "A complainant's testimony alone is sufficient to support a conviction for indecency with a child." *Connell v. State*, 233 S.W.3d 460, 466 (Tex.App.--Fort Worth 2007, no pet.). The defendant's specific intent to arouse or gratify the sexual desire of a person may be inferred from the conduct or remarks of the accused, or from the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981). The "intent to arouse or gratify" element may be inferred from evidence that touching occurred on more than one occasion. *Shaw v. State*, No. 03-10-00790-CR, 2012 WL 3797606, at *5 (Tex.App.--Austin Aug. 29, 2012, no pet.)(memo. op., not designated for publication); *Garcia v. State*, Nos. 14-11-00064, 65, 66-CR, 2012 WL 273889, at *3 (Tex.App.--Houston [14th Dist.] Jan. 31, 2012, pet. ref'd)(memo. op., not designated for publication).

Here, there is sufficient evidence to allow the jury to infer that Appellant's actions were intended to arose or gratify her sexual desire. First, A.S. testified that Appellant locked her away from her family while she kissed A.S. and touched A.S.'s breasts and genitals. A.S.'s testimony

provided a sufficient basis for the jury to infer the touching was done solely for Appellant's sexual gratification.  Second, the touching took place on more than one occasion, according to A.S.  Further, that fact allowed the jury to infer Appellant acted with the requisite specific intent. *Shaw,* 2012 WL 3797606, at \*5.

A.S.'s testimony is legally sufficient to support the jury's verdict, especially given the fact finder is the sole judge of credibility.  After reviewing the record in the light most favorable to the verdict, we determine there was sufficient evidence to find that the touching was done for Appellant's sexual gratification.

Issue Two is overruled.  The trial court's judgment is affirmed.

April 23, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7