**Modify and Affirm as Modified and Opinion Filed August 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00452-CR
_____

## RODRICK BERNARD SPENCE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F14-00153-K**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Partida-Kipness

Rodrick Bernard Spence appeals from his conviction for indecency with a

child. The State indicted Spence on charges of aggravated sexual assault of a child

younger than fourteen years of age. Spence pleaded nolo contendere to the State's

charges and waived jury trial. After trial to the bench, the trial court found the

evidence insufficient to convict Spence of the charged offense but sufficient to

convict Spence of the lesser-included offense of indecency with a child. The trial

court found Spence guilty and sentenced him to eighteen years in prison. In one

issue, Spence contends the evidence was insufficient to support the verdict. In one

cross-issue, the State contends the trial court erroneously indicated in its judgment that Spence pleaded guilty and asks this Court to correct the judgment to reflect Spence's nolo contendere plea. We modify the trial court's judgment to correctly reflect Spence's plea and affirm the trial court's judgment as modified.

## BACKGROUND

In 2012 and 2013, Spence lived with Zozella Peoples in Grand Prairie, Texas. The couple had been in an on-and-off relationship for ten years and had three sons, D.S., Z.S.2[1], and R.S, who were between five and seven years old at that time. Peoples's daughter, Z.S., was three years old. Spence is not Z.S.'s biological father, but Z.S. referred to Spence as "daddy."

Spence was arrested on July 29, 2013, for alleged domestic violence when Peoples called police after the couple had a fight. While speaking with responding officers, Peoples disclosed that Z.S. had recently told her that Spence had sexually assaulted her. Peoples also described a November 15, 2012 event in which she found Spence in Z.S.'s bedroom "leaning" over Z.S., who was naked in her bed. Based on Peoples's allegations, police contacted the Dallas Children's Advocacy Center (DCAC) to interview Z.S.

On July 29, 2013, Nakisha Biglow, forensic interviewer with DCAC, interviewed Z.S. After establishing rapport with Z.S., Biglow asked whether Spence

---

[1] The complainant and one of her half-brothers share the same initials. Thus, we refer to the complainant as Z.S. and her half-brother as Z.S.2 throughout this opinion.

–2–

had done something to Z.S. that he was not supposed to do. Z.S. then described three events. Z.S. first said that Spence had put his "weenie" in her "privates." Further questioning from Biglow established that Z.S. referred to her vaginal area as her "privates." Z.S. said that Spence snuck into her bedroom, removed her clothes, got on top of her, and his penis touched the outside of her vagina. Z.S. said that Spence apologized afterward for the incident.

While using diagrams to discuss various body parts with Biglow, Z.S. made the unsolicited comment that Spence had put his "weenie" in her "butt." When questioned further, Z.S. said that Spence had taken her into his room, put her face-down on his bed, and touched his penis to her butt cheek. When asked whether anything came out of his penis, Z.S. said that "white stuff" came out.

Biglow asked Z.S. whether anyone had ever walked in during these events. Z.S. said that Peoples walked in when Spence and Z.S. were "doing the nasty" one time. Using a tissue box as a model for Z.S.'s vaginal area to identify where Spence's penis touched Z.S.'s body, Z.S. indicated that Spence's penis entered her vagina.

Police sought to interview Spence after Z.S.'s interview. After receiving his *Miranda* rights, Spence agreed to speak to the investigating detectives without counsel present. Spence did not know about Z.S.'s outcry and indicated to the detectives that he thought he was being interviewed solely on the domestic violence charge for which he had been arrested. When detectives told him about Z.S.'s and

Peoples's allegations, Spence denied the allegations. When asked why Peoples would make the allegations and how Z.S. could describe the events as she did, Spence responded, "I don't know."

Spence was charged with aggravated sexual assault of a child younger than six years of age by penetration of the female sexual organ with his finger.[2] On the State's motion, the trial court amended the indictment to allege aggravated sexual assault of a child younger than fourteen years of age. Spence entered a nolo contendere plea and waived his right to a jury trial.

At trial, Peoples testified that on November 15, 2012, she entered Z.S.'s bedroom and found Spence "leaning up" from Z.S.'s bed. Z.S. was in the bed, naked and with her "butt" in the air. According to Peoples, she awoke in the middle of the night when the phone rang. She noticed that Spence was not in bed, and all of the lights in the house were off. She went upstairs and entered Z.S.'s room. When she found Spence "leaning" over Z.S., Peoples took Z.S., wrapped her in a blanket, and ran outside. She asked Z.S. whether Spence had touched her, and Z.S. said that "he was just laying in the bed with her." Peoples said she "started screaming" at Spence, but Spence did not respond.

Peoples also testified that Z.S. told her on July 28, 2013, of another incident in which Spence told Z.S. to lay in bed with him, and he "stuck his fingers inside of

---

[2] Spence was separately charged with aggravated sexual assault for "penetration of a child's anus with his sexual organ." The trial court found insufficient evidence to support this charge and acquitted Spence. This charge is not at issue in this appeal.

[Z.S.'s] vagina." Peoples said that Z.S. referred to her vagina as her "privates," and pointed to her "lower vagina" area as the place Spence touched. Peoples then called the police and later took Z.S. to the REACH Clinic to be examined. At the clinic, her sons, aged eight, seven, and five at the time, allegedly said they had "touched [Z.S.'s] private part" with their "weenies." CPS removed all of the children, placing them in foster care. D.S. and Z.S.2 testified at trial that Spence forced them to touch Z.S. inappropriately on her "private areas." On cross-examination, however, D.S. and Z.S.2 admitted that their statements reflected in the CPS report, which contained no such allegations, conflicted with this testimony. D.S. and Z.S.2 contended that CPS had lied on the report.

Biglow testified as to the methods used in her interview with Z.S. to establish that Z.S. understood the concept of truth and the importance of telling the truth. She stated that Z.S. made an outcry of sexual abuse during the interview. She recounted Z.S.'s description of the alleged encounters with Spence and noted that Z.S. had no developmental issues and exhibited no "red flags" to question her credibility. As the best evidence of the interview, the State offered the video recording. Spence objected, and the trial court initially sustained the objection. Z.S. then testified live by closed-circuit video.

Z.S. was nine years old at the time of trial. During her live testimony, she described a time when Spence got on top of her while she was in bed. She testified that she was clothed, but Spence was not, and that Spence rubbed his hands on her

"butt", "privacy part" and "titties." Using a tissue box, Z.S. demonstrated the area outside of her vagina as an area Spence touched. It is unclear from Z.S.'s testimony when the event occurred. However, Z.S. testified that Peoples walked in when it happened, and that Peoples called the police afterward. Z.S. did not recall any other time Spence touched her and specifically denied that Spence put his penis in her anus. She also testified that no one else, including her brothers, touched her inappropriately. She also did not recall the DCAC interview, which happened six years prior.

After receiving this additional testimony, the trial court reversed its ruling on the video of Biglow's interview with Z.S. Specifically, the trial court noted Z.S.'s "story on the stand is totally inconsistent with the interview or at least from what [Biglow] said was contained in the interview." Given "[t]his case, like all child abuse cases, hinges basically on what the child says," the trial court admitted the video.

After the close of evidence, the trial court made the following findings:[3]

- I clearly have evidence of aggravated sexual assault of a child with contact by penis to vagina. It's demonstrated in the video with a Kleenex box.
- But I don't have a case of aggravated assault by contact with penis. So I don't have anything to consider.

---

[3] The trial court also found no outcry to support the charge of aggravated sexual assault for "penetration of a child's anus with his sexual organ" and acquitted Spence of this charge.

- The last case I have is contact or penetration of the female sexual organ by the Defendant's fingers. There is no outcry in the video of . . . penetration with fingers.

- I think clearly something happened and this was before she told mom. She said she told mom about being touched with the fingers, but she never demonstrated where she was touched because she shut down and quit talking.

- I just don't find most of the witnesses in this trial to be credible, there's too many different stories.

- When the child testified she said Defendant never put his finger in her private, never put fingers in her butt, never put his private in her butt, never put his private in her private. She demonstrated in my office that he touched her on the outside.

- I cannot find mom credible enough to say that the outcry of penetration is enough for me to find guilt. But I do find the Defendant guilty of indecency with a child.

The trial court sentenced Spence to eighteen years in prison for the lesser-included offense of indecency with a child.

## ANALYSIS

### A. Spence's Issue

In one issue, Spence contends the evidence is insufficient to support the trial court's guilty verdict as required by article 1.15 of the code of criminal procedure. When a defendant waives his right to a jury trial and enters a plea of no contest, the State is not required to prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Article 1.15 of the Texas Code of Criminal Procedure requires only substantiation of the plea. *See* TEX. CODE CRIM. PROC. art. 1.15; *see also Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009) (Under Article 1.15, a trial court may not render a

–7–

conviction without evidence establishing a defendant's guilt, even if the defendant has pleaded guilty or no contest.). "By its plain terms it requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee*, 287 S.W.3d at 14. This evidence need not prove the defendant's guilt beyond a reasonable doubt, but it must embrace every essential element of the offense charged. *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no writ).

Spence was convicted of the offense of indecency with a child by sexual contact. A person commits this offense if the person engages in sexual contact with a child younger than seventeen years of age or causes a child to engage in sexual contact. TEX. PENAL CODE § 21.11(a)(1). "Sexual contact" includes touching of "any part of the genitals of a child," including touching through clothing, "if committed with the intent to arouse or gratify the sexual desire of any person." *Id*. § 21.11(c)(1).

A child sexual abuse victim's uncorroborated testimony is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. art. 38.07(a); *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Likewise, a child victim's outcry statement alone can be sufficient to support a conviction for a sexual offense. *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). There is no requirement that properly admitted outcry

testimony be corroborated or substantiated by the victim or independent evidence. *Rodriguez v. State*, 819 S.W.2d 871, 874 (Tex. Crim. App. 1991).

The record reflects that Z.S. was four years old in 2013 when she told Peoples that Spence had put his fingers in her "privates" and described three similar events to Biglow. In one particular event, Z.S. claimed that Spence snuck into her room, got on top of her, and touched the area outside of her vagina. Approximately six years later, Z.S. testified at trial that she did not recall talking to Biglow but did recall an event in which Spence got on top of her while she was in bed. According to Z.S., Spence rubbed his hands on her "butt", "privacy part" and "titties." Using a tissue box, Z.S. demonstrated that Spence touched the area outside of her vagina. Z.S. testified that she did not recall any other time when Spence touched her inappropriately or put his penis in her anus. This inconsistency with her prior statements to Biglow, however, does not affect the probative value of her testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (the trier of fact can observe the complainant's demeanor and is entitled to reconcile any conflicts in testimony and disbelieve a recantation); *Martines*, 371 S.W.3d at 241 (same). As the trier of fact, the trial court was entitled to reconcile any inconsistencies between Z.S.'s statements to Biglow with her trial testimony. *See Chambers*, 805 S.W.2d at 461. The trial court's findings made in open court establish that it did just that, finding Z.S.'s trial testimony credible.

Spence contends the evidence was not sufficient to prove the alleged "sexual contact" was done with the requisite intent. In the context of indecency with a child, the finder of fact can infer the requisite intent to arouse or gratify sexual desire from a defendant's conduct, remarks, and all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Keller v. State*, No. 05-18-00778-CR, 2020 WL 3118713, at *8 (Tex. App.—Dallas June 12, 2020, no pet. h.). No oral expression of intent or visible evidence of sexual arousal is necessary. *Keller*, 2020 WL 3118713, at *8; *see also Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.); *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd); *Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd).

Z.S. testified that an unclothed Spence came into her room, got on top of her while she was in bed, and began rubbing her body. Z.S. also testified that she felt sad when Spence did this because "he was doing something that he wasn't supposed to." From this evidence, the trial court could infer that Spence acted with intent to arouse and gratify his own sexual desire. *See McKenzie*, 617 S.W.2d at 216; *see also Connell*, 233 S.W.3d at 467 (jury could infer intent from the way in which appellant touched complainant's "bottom" and that appellant's actions made complainant feel uncomfortable); *Lopez v. State*, No. 01-10-01103-CR, 2012 WL 524439, at *4 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, no pet.) (mem. op.,

–10–

not designated for publication) (trial court could infer intent from evidence that the manner in which appellant touched the complainant made her uncomfortable).

After weighing the evidence and evaluating the credibility of the witnesses, the trial court found that the evidence was insufficient to prove the charged offense of aggravated sexual assault by penetration of the female sexual organ with a finger, but sufficient to prove guilt as to the lesser-included offense of indecency with a child. We conclude the evidence introduced by the State was sufficient under Article 1.15 because it embraced every essential element of the offense on which Spence was convicted. *See Menefee*, 287 S.W.3d at 13–14; *McKenzie*, 617 S.W.2d at 216 (testimony of appellant's conduct was sufficient to permit deduction of intent); TEX. PENAL CODE § 21.11(c)(1). Accordingly, we overrule Spence's sole issue.

## B. The State's Cross-Issue

In its one cross-issue, the State contends the trial court's judgment erroneously indicates that Spence pleaded guilty. The State asks us to modify the judgment to correctly reflect Spence's nolo contendere plea.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the

–11–

judgment appears in the record. *Asberry*, 813 S.W.2d at 530. Appellate courts may reform judgments to correct improper recitations or omissions relating to punishment, delete affirmative findings improperly entered into the judgment, and correct statutory references. *See id*.; *Medlock v. State*, No. 05-11-00668-CR, 2012 WL 4125922, at *1 (Tex. App.—Dallas Sept. 20, 2012, no pet.) (mem. op., not designated for publication).

The record reflects that Spence pleaded nolo contendere to the State's charges, yet the judgment states "Plea to Offense: GUILTY." Based on these facts, we sustain the State's cross-issue and modify the judgment accordingly. *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529–30.

## CONCLUSION

On the record before us, we conclude the State presented sufficient evidence to establish the essential elements of the offense. We also conclude that the trial court's judgment incorrectly reflects Spence's plea. Accordingly, we modify the trial court's judgment to correctly reflect the plea and affirm as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P 47.2(b).
190452F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RODRICK BERNARD SPENCE, Appellant

No. 05-19-00452-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas Trial Court Cause No. F14-00153-K. Opinion delivered by Justice Partida-Kipness. Justices Myers and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "NOLO CONTENDERE."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of August, 2020.